```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JACOB GESTETNER,                         :
                                         :
              Plaintiff,                 :
                                         :
    -against-                            :    No. 18 Civ. 5665 (JFK)
                                         :    OPINION & ORDER
EQUIFAX INFORMATION SERVICES LLC,        :
                                         :
              Defendant.                 :
                                         :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/13/2019

APPEARANCES

FOR PLAINTIFF JACOB GESTETNER
    Edward B. Geller
    EDWARD B. GELLER, ESQ., P.C.

FOR DEFENDANT EQUIFAX INFORMATION SERVICES LLC
    Jonathan Daniel Klein
    CLARK HILL PLC

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Defendant Equifax Information Services LLC ("Equifax" or "Defendant") to dismiss Plaintiff Jacob Gestetner's ("Plaintiff") complaint. For the reasons below, Defendant's motion is granted.

## I. Background

### A. Factual Background

    The Court takes the following facts and allegations from the complaint and, for the purposes of this motion, deems them to be true.

    Plaintiff is a New York resident. (Compl. ¶ 2.) Defendant is an entity in the business of "assembling, evaluating, and

1

disbursing information concerning consumers for the purpose of furnishing consumer reports." (Id. ¶¶ 3-4.)

On or around March 27, 2017, Plaintiff obtained a copy of his Equifax credit report which "showed erroneous and inaccurate information" for an "M & T Account." (Id. ¶¶ 7-9.) That same day, Plaintiff sent Equifax a letter stating that this erroneous information should not be included in the report, requesting its immediate removal, asking with whom this information was verified and when, and advising Equifax that it was in violation of the Fair Credit Reporting Act ("FCRA"). (Id. ¶¶ 9-10.) The letter went on to request "proof of investigation" regarding Plaintiff's "bk of amer" and "CBNA" accounts. (Id.)

On April 17, 2017, Defendant responded, informing "Plaintiff that it had verified the item requested in the dispute," confirmed it belonged to Plaintiff, and that this information had been reported correctly. (Id. ¶ 11.) Plaintiff replied on April 24, 2017, again asking with whom the M & T Account information was verified and when, and pointing out that the information was inaccurate. (Id. ¶ 12.) Plaintiff also renewed his request regarding the "bk of amer" and "CBNA" accounts. (Id.) On May 15, 2017, Defendant responded informing Plaintiff that the M & T Account had been verified and reported correctly and showing "Plaintiff's account as having a new 'late date.'" (Id. ¶ 13.)

2

### B. Procedural Background

On February 26, 2017, Plaintiff filed this complaint before the Supreme Court of the State of New York alleging that Defendant violated Sections 1681e(b) and 1681i of the FCRA. 15 U.S.C. §§ 1681e(b) & 1681i. On June 21, 2018, Defendant had this case removed to this Court under 15 U.S.C. § 1681, which gives federal courts original jurisdiction over FCRA claims. On August 8, 2018, Defendant brought this motion to dismiss.

## II. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court's charge in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). The Court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The

3

Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint that offers such "labels and conclusions" or naked assertions without "further factual enhancement" will not survive a motion to dismiss. Id. (citing Twombly, 550 U.S. at 555, 557).

### III. Discussion

"[T]o succeed on a claim under section 1681e(b), a plaintiff must show that: (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported <u>inaccurate information</u> about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury." Adams v. Nat'l Eng'g Serv. Corp., 620 F. Supp. 2d 319, 330 (D. Conn. 2009) (citing Gorman v. Experian Info. Solutions, Inc., No. 07 CV 1846 (RPP), 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008)) (emphasis added); see also Houston v. TRW Info. Servs., Inc., 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is required.") Likewise, a "plaintiff asserting claims under § 1681i must demonstrate

4

that the disputed information is inaccurate." Jones v. Experian Info. Solutions, Inc., 982 F. Supp. 2d 268, 272-73 (S.D.N.Y. 2013) (quoting Fashakin v. Nextel Commc'ns., No. 05-CV-3080 (RRM), 2009 WL 790350, at * 11 (E.D.N.Y. Mar. 25, 2009)).

Defendant argues that Plaintiff has failed to state a claim under either section as he has failed to plead the information in the Equifax report was inaccurate. (Def.'s Mot. to Dismiss at 5-10, ECF No. 9 (filed Aug. 8, 2018).)

As an initial matter, the complaint lacks any allegations that any information appearing in the Equifax reports relating to the "bk of amer" or "CBNA" accounts was inaccurate. Plaintiff has, thus, failed to plead an essential element of a claim under sections 1681e(b) or 1681i as to these accounts and, to the extent that the complaint pleads such claims, they are dismissed. Iqbal, 556 U.S. at 678.

Plaintiff then argues that the information on his Equifax report relating to his M & T Account was inaccurate in two ways. First, he appears to argue that because the credit report shows a first delinquency date (September 2010) and a second delinquency date (November 2010) that occur before the first delinquency date listed elsewhere on the account (January 2011)—this apparently being the "correct delinquency date"—the September and November 2010 are necessarily incorrect. (Id. ¶ 7-8, 15, 18.) Absent from the complaint, however, are any factual

allegations explaining why having multiple delinquency dates listed in this manner necessarily makes the first two false. Am allegation that, say, a "first delinquency date" means the first time, in the entire account history, that the user was delinquent would explain how this report was inaccurate. Absent such a pleading, however, these allegations are nothing more than "mere conclusory statements" and "[t]hreadbare recitals of the elements of a cause of action" without "further factual enhancement" of the type that will not survive a motion to dismiss. Iqbal, 556 U.S. at 678. Second, Plaintiff argues that subsequent Equifax reports showed a "new late date" (April 2017) which occurred after the "date of closing" (May 2011) "which is misleading and incorrect." (Id. ¶¶ 13, 15, 18.) Absent from the complaint, however, is any explanation as to why listing a new late date after an account's closing date necessarily makes that late date "misleading and incorrect." Without such factual enhancement, these allegations fail to meet the Iqbal standard for the reasons stated above. Iqbal, 556 U.S. at 678. Accordingly, Plaintiff has failed to plead an essential element of a claim under sections 1681e(b) and 1681i as to the M & T Account and this claim must be dismissed.

### IV. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so

requires." Fed. R. Civ. P. 15(a)(2). Amendment is not warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)).

Accordingly, should Plaintiff wish to amend his complaint, he must demonstrate (1) how he will cure the deficiencies in his claims by filing a proposed amended complaint and (2) that justice requires granting leave to amend. Such demonstration shall be filed within 30 days of the date of this Opinion.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 9.

**SO ORDERED.**

Dated:   New York, New York
         March 13, 2019

John F. Keenan
United States District Judge