USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06/03/2019__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ X

JACOB GESTETNER,                                    :
                                                    :
              Plaintiff,         :
                                                    :
   -against-                                    :     No. 18 Civ. 5665 (JFK)
                                                    :     **OPINION & ORDER**
EQUIFAX INFORMATION SERVICES LLC,                   :
                                                    :
            Defendant.           :
                                                    :

------------------------------------ X

APPEARANCES

FOR PLAINTIFF JACOB GESTETNER
    Edward B. Geller
    EDWARD B. GELLER, ESQ., P.C.

FOR DEFENDANT EQUIFAX INFORMATION SERVICES LLC
    Jonathan Daniel Klein
    CLARK HILL PLC

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a letter from Plaintiff Jacob Gestetner

("Gestetner") which the Court interprets as a motion for leave

to amend his complaint. For the reasons below, Plaintiff's

motion is denied.

## I. Background

### A. Factual Background

The Court assumes familiarity with the facts of this case

as stated in its Opinion and Order of March 13, 2019 (the "March

13 Order"). See Gestetner v. Equifax, No. 18 Civ. 5665, 2019 WL

1172283 (S.D.N.Y. Mar. 13, 2019). To briefly summarize,

Plaintiff alleges that Defendant Equifax Information Services

1

LLC ("Defendant") violated Sections 1681e(b) and 1681i of Fair

Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681e(b) & 1681i) by

including inaccurate information on his Equifax Credit Report.

## B. Procedural Background

On February 26, 2017, Plaintiff filed his complaint before

the Supreme Court of the State of New York.

On June 21, 2018, Defendant had this case removed to this

Court pursuant to 15 U.S.C. § 1681, which gives federal courts

original jurisdiction over FCRA claims.

On March 13, 2019, the Court granted Defendant's motion to

dismiss, pursuant to Rule 12(b)(6), but gave Plaintiff 30 days

to file a motion for leave to amend his complaint by

demonstrating (1) how Plaintiff would cure the deficiencies in

his claim by filing a proposed amended complaint and (2) that

justice requires granting leave to amend.

On April 12, 2019, Plaintiff filed the instant motion for

leave to amend his complaint.

## II. <u>Legal Standard</u>

Leave to amend should be freely granted when justice so

requires. Fed. R. Civ. P. 15(a)(2). "Nonetheless, the Court may

deny leave if the amendment (1) has been delayed unduly, (2) is

sought for dilatory purposes or is made in bad faith, (3) the

opposing party would be prejudiced, or (4) would be futile." <u>Lee</u>

<u>v. Regal Cruises, Ltd.</u>, 916 F. Supp. 300, 303 (S.D.N.Y. 1996)

(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "An
amendment to a pleading is futile if the proposed claim could
not withstand a motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258
(2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of
Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus, the
standard for denying leave to amend based on futility is the
same as the standard for granting a motion to dismiss." IBEW
Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal
Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015).

### III. Discussion

To adequately state a claim under either section 1681e(b)
or 1681i, a plaintiff must adequately allege that the defendant
reported "inaccurate" information. Jones v. Experian Info.
Solutions, Inc., 982 F. Supp. 2d 268, 272-73 (S.D.N.Y. 2013)
(quoting Fashakin v. Nextel Commc'ns., No. 05-CV-3080 (RRM),
2009 WL 790350, at * 11 (E.D.N.Y. Mar. 25, 2009)) (§ 1681i);
Adams v. Nat'l Eng'g Serv. Corp., 620 F. Supp. 2d 319, 330 (D.
Conn. 2009) (citing Gorman v. Experian Info. Solutions, Inc.,
No. 07 CV 1846 (RPP), 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19,
2008)) (§ 1681e(b)).

In the March 13 Order, the Court dismissed Plaintiff's
complaint as it lacked (1) any factual allegations explaining
why having three delinquency dates listed in Plaintiff's M & T

Account necessarily made the first two false and (2) "any explanation as to why listing a new late date after an account's closing date necessarily makes that date 'misleading or incorrect.'" Gestetner, 2019 WL 1172283 at 6. Without such factual enhancement, the Court held that Plaintiff had failed adequately plead the "inaccurate information" element of both claims and dismissed them. Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The Court has reviewed Plaintiff's proposed amended complaint and found its factual allegations identical with the exception of three paragraphs reproduced here in their entirety:

> 15. The M & T account, reported by Defendant, listed multiple delinquency dates which conflicted with each other and create a misleading record of Plaintiff's account.
>
> 16. The listing of these conflicting dates by Defendant causes confusion and uncertainty for anyone reviewing Plaintiff's credit report.
>
> 17. As a result of Defendant's inaccurate and deceptive reporting, Plaintiff's credit score dropped dramatically and damaged his credit profile.

These new factual allegations evidently fail to explain why (1) having three delinquency dates listed in Plaintiff's M & T Account necessarily made the first two false, or (2) listing a new late date after an account's closing date necessarily makes that date "misleading or incorrect." Plaintiff has, thus,

4

failed to address the inadequacies that the Court identified in his original complaint.  Accordingly, the Court holds that Plaintiff's proposed complaint would fail to survive a Rule 12(b)(6) motion and, thus, that amendment be futile.  <u>IBEW Local Union No. 58</u>, 783 F.3d at 389.

## Conclusion

For the reasons stated above, Plaintiff's motion for leave to file an amended complaint is DENIED and all claims are dismissed with prejudice.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:     New York, New York
         June 3, 2019

                              John F. Keenan
                         United States District Judge